**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Turner's Outdoors Incorporated,<br><br>  Plaintiff,<br><br>v.<br><br>Outdoorsmans Resale Incorporated,<br><br>  Defendant. | No. CV-23-02612-PHX-DJH<br><br>**ORDER** |

      This matter concerns a protective action Plaintiff Turner's Outdoors Inc. ("Plaintiff") filed on September 14, 2023, in the Northern District of California, seeking a declaratory judgment of non-infringement of trademark rights under 28 U.S.C. § 2201. (Doc. 1). While in the California court, Defendant Outdoorsmans Resale Inc. ("Defendant") filed a "Motion to Dismiss and Transfer, or in the Alternative to Stay." (Doc. 16). Because Plaintiff did not oppose the transfer, the California court granted that portion of the Motion but did not rule on the pending Motion to Dismiss. (Doc. 29).[1] The matter was transferred to this Court on December 14, 2023. (Doc. 31). A Scheduling Order was issued on February 16, 2024, setting out deadlines for discovery. (Doc. 40). On July 9, 2024, Defendant filed a Motion to Stay (Doc. 41). After Plaintiff filed its Response (Doc. 43), the parties filed a Notice of Discovery Dispute (Doc. 45). As in its Motion to Stay, Defendant seeks a suspension of discovery until the Court rules on its Motion to Dismiss. (*Id.*) Plaintiff disagrees that discovery should be stayed pending that ruling.

---

[1] Defendant's Reply brief clarifies that its Motion to Stay is based on the same grounds as its Motion to Dismiss. (Doc. 27 n.1).

Because the Court now denies the Motion to Dismiss, the Motion to Stay and request for a protective order staying discovery will also be denied.

## I.     Background

Plaintiff's September 2023 Complaint seeks a declaratory judgment for non-infringement of trademark rights. (Doc. 1). But prior to initiating its federal lawsuit, Plaintiff submitted two trademark applications to the United States Patent and Trademark Office ("USPTO") for its design mark: the first on March 9, 2021, and the second on October 26, 2021. (*Id.* ¶¶ 13, 14). After the USPTO approved the first trademark application, Defendant filed a notice opposing Plaintiff's registration, in part, due to "priority and likelihood of confusion" under the Trademark Act Section 2(d). (Doc. 16-2). The Trademark Trial and Appeal Board ("TTAB") instituted Defendant's opposition on August 17, 2022, and set a scheduling order for the proceedings. (Doc. 16-3). Following the close of discovery on April 24, 2023, Defendant sought summary judgment on "the issues of priority and likelihood of confusion" and asked the tribunal to deny Plaintiff's registration. (Doc. 16-4 at 7). The motion was fully briefed. (Doc. 16 at 6). Defendant also filed a notice opposing Plaintiff's second application. (*Id.*) Before TTAB proceedings got underway in the second proceeding, and before a ruling was made on Defendant's summary judgment motion on the first application, Plaintiff notified the TTAB of its federal court Complaint and moved to suspend the TTAB proceedings pending disposition of the federal action. (Doc. 16-8). Finding that "the outcome of the Civil Action may have a bearing on this proceeding," the TTAB suspended both proceedings until disposition of this action. (Doc. 16-8 at 4).

## II.    Motion to Dismiss

Defendant argues that by bringing this declaratory action for non-infringement Plaintiff is forum shopping and causing duplicative litigation. Plaintiff thus encourages the Court to exercise its discretion to dismiss this action under the Federal Declaratory Judgment Act ("DJA"). (Doc. 16).

The DJA provides that "[i]n a case of actual controversy within its

jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). In doing so, the DJA "gives the Court the *authority* to declare the rights and legal relations of interested parties, but not a *duty* to do so." *Stickrath v. Globalstar*, Inc., 2008 WL 2050990 (N.D. Cal. May 13, 2008) (emphasis in original) (citing *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 533 (9th Cir. 2008)). It therefore is within the district court's discretion to dismiss an action for declaratory judgment. *Id.*

When deciding whether to exercise jurisdiction under the DJA, district courts must balance "concerns of judicial administration, comity, and fairness to the litigants." *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 672 (9th Cir. 2005) (citing *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942)). Relevant factors to consider are "the discouragement of the use of declaratory actions as a means of forum shopping, the avoidance of duplicative litigation, the extent to which the declaratory action will resolve the controversy, the convenience of the parties, and the availability and convenience of other remedies." *Astra Veda Corp. v. Disruptive Res. LLC*, 2022 WL 3921117, *1 (D. Ariz. Aug. 31, 2022) (citing *Principal Life*, 394 F.3d at 672). *See also Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225, n. 5 (9th Cir. 1998) (en banc) (noting similar factors a court may consider in deciding whether to hear a DJA claim).

Defendant encourages the Court to decline jurisdiction over this matter because Plaintiff is "using the present litigation as a means of forum shopping while duplicating litigation." (*Id*. at 7). Plaintiff disagrees and says its "decision to institute the current case was based not out of fear of a less-than-favorable outcome in the first TTAB case or an attempt to obtain a 'second bite at the apple,' but rather upon recognition that the first TTAB case necessarily will not resolve all of the questions related to the broader dispute." (Doc. 26 at 4). The Court agrees with Plaintiff. Plaintiff's filing of this action does not appear to be improper forum shopping. The TTAB has yet to rule on the motion for summary judgment in the first proceeding, and the second has just begun—it is thus unclear

how filing this federal suit is an attempt to forum shop. Notably, when Plaintiff sought to suspend the TTAB proceedings due to the filing of this action, the Board agreed on the grounds that the Court's findings may impact the proceeding. Moreover, on the pleadings alone, it is unclear to this Court that a Board's determination of whether there would be a likelihood of confusion between the parties' marks would resolve all the relevant issues in this non-infringement action. *See e.g.*, *Chesebrough-Pond's, Inc. v. Faberge, Inc.*, 666 F.2d 393, 397 (9th Cir. 1982) (noting that "a decision of the [USPTO] allowing the registration of [plaintiff's] trademark would not preclude a subsequent infringement action or be determinative of the issues involved"). Even if Defendant could establish the preclusive effect of such a determination, *see B&B Hardware Inc. v. Hargis Indus.*, *Inc.*, 135 S. Ct. 1293, 1307 (2015) (confirming "likelihood of confusion for purposes of registration is the same standard as likelihood of confusion for purposes of infringement"), Plaintiff alleges that it brings its DJA action because Defendant accuses it of improper use of its mark and unfair competition. This contemplates issues that are beyond the TTAB's jurisdiction. *See* Trademark Trial and Appeal Board Manual of Procedure § 102.01 (2023) (stating that federal law limits the authority of the TTAB "to determine only the right to register"). Upon considering these relevant factors, the Court will exercise jurisdiction over this matter. It does, however, encourage the parties to meet and confer to discuss how to avoid unnecessary duplication of discovery that has already been obtained in the TTAB proceedings. Accordingly,

**IT IS ORDERED denying** Defendant's "Motion to Dismiss and Transfer, or in the Alternative to Stay" (Doc. 16). Defendant's Motion to Stay (Doc. 41) and Defendant's request for a protective order staying discovery pending the Court's ruling on the Motion to Dismiss (Doc. 45) are **denied** as moot.

Dated this 9th day of August, 2024.

Honorable Diane J. Humetewa
United States District Judge